## MORTGAGEE'S NOTICE OF SALE OF REAL ESTATE

Reference is made to that certain Commercial Mortgage, Security Agreement and Assignment of Leases and Rents dated July 20, 2005, granted by Fathalla Mashali (a/k/a Farhalla M. Mashali) and Noha Elkadry Mashali (collectively, the "**Mortgagor**") to The Bank of Canton (the "**Mortgagee**"), and recorded with the Norfolk County Registry of Deeds (the "**Registry**") in Book 22668, Page 431, as modified by that certain Mortgage Modification Agreement dated October 20, 2006 and recorded with the Registry at Book 24441, Page 30, as further modified by that certain Mortgage Modification Agreement dated July 20, 2007 and recorded with the Registry at Book 25248, Page 28, as further modified by that certain Mortgage Modification Agreement dated December 21, 2007 and recorded with the Registry at Book 25816, Page 599, as further modified by that certain Mortgage Modification Agreement dated October 31, 2008 and recorded with the Registry at Book 26540, Page 13, as further modified by that certain Mortgage Modification Agreement dated May 17, 2010 and recorded with the Registry at Book 27735, Page 133, and as further modified by that certain Mortgage Modification Agreement dated October 19, 2012 and recorded with the Registry at Book 31076, Page 111 (as amended and in effect, the "**Mortgage**").

The Mortgage encumbers the real property known as (i) 120 Centre Street, Dover, Massachusetts (the "**Centre Street Property**"); and (ii) 160 Dedham Street, Dover, Massachusetts (the "**Dedham Street Property**"), as further described on **EXHIBIT A** attached hereto and incorporated herewith (collectively, the "**Real Property**").

By virtue and in execution of the Power of Sale contained in the Mortgage, of which the undersigned is the present holder, for breach and default of the conditions of the Mortgage, and for the purpose of foreclosing the same, the Mortgagee, will offer the Real Property for sale in the order and manner set forth below:

A. The Centre Street Property, which is a portion of the Real Property, will be offered for sale at public auction on **July 18, 2014 at 1:00 P.M.**; and

B. The Dedham Street Property, which is a portion of the Real Property, will be offered for sale at public auction **July 25, 2014 at 1:00 P.M.**

The sales described above will be referred to hereinafter, each individually as a "**Sale**" and collectively as the "**Sales**." Each Sale shall be held on each corresponding portion of the Real Property.

**TERMS OF SALE**. A deposit of **FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000.00)** shall be required to be made to the Mortgagee for each Sale of the Real Property. Each of the foregoing deposits shall be made by certified check or bank cashier's check (cash will not be accepted) at the time and place of each Sale. The balance of the purchase price of each Sale is to be paid to the Mortgagee by federal funds wire transfer in or within thirty (30) calendar days from the date of the Sale, **with time being of the essence**.

The Real Property is to be sold together, subject to, and with the benefit of, all easements, restrictions, building and zoning laws, unpaid taxes, tax titles, water bills, municipal liens and assessments, rights of tenants and parties in possession, existing encumbrances, condominium

fees and assessments, and all other claims in the nature of liens, now existing or hereafter arising, having priority over the Mortgage, if any there be.  The Real Property is also sold subject to the right of redemption of the United States of America, if any there be.

The Mortgagee may, at its option, either sell the Real Property to the second highest bidder at each Sale or assume the highest bid should the highest bidder fail to fulfill the highest bidder's obligations under the sales agreement to be entered into with the Mortgagee immediately after each Sale.  In the event that the highest bidder defaults under such sales agreement and the Mortgagee sells the Real Property to the second highest bidder, the Mortgagee may, at its option, assume the second highest bid should the second highest bidder fail to fulfill its obligations under such sales agreement.  No such assumption of the highest or second highest bid or sale of the Real Property by the Mortgagee to such second highest bidder shall relieve the highest or second highest bidder, as applicable, from its obligations under such sales agreement nor operate as a waiver by the Mortgagee of its rights and remedies against the highest or second highest bidder at each respective Sale.

The Mortgagee reserves the right to credit bid at the Sales and to postpone the Sales by auctioneer's public proclamation. The Mortgagee further reserves the right to change terms of the Sales at the Sales or to add additional terms and to qualify some or all bidders.

Other terms, if any, to be announced at the Sales.

THE BANK OF CANTON,
present holder of the Mortgage

By Its Attorneys

Alexander G. Rheaume, Esquire
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Tel:    (617) 523-9000
Email: arheaume@riemerlaw.com

## Exhibit A

The land with the buildings thereon shown as Lot A on a plan marked "Subdivision Plan of Land in Dover, Mass." dated June 18, 1974 drawn by Cheney Engineering Co., Inc., and recorded with Norfolk Deeds as Plan No. 548 of 1974, Book 244, said lot being more particularly bounded and described according to said plan as follows:

NORTHWESTERLY by the side line of Centre Street in two courses, 184.86 feet and 261.35 feet respectively, totaling 446.21 feet;

WESTERLY by Lot B in two courses, 452.67 feet and 452.68 feet respectively, totaling 905.35 feet;

SOUTHEASTERLY by the side line of fthe parcel marked "Easement" 270.40 feet;

SOUTHEASTERLY again, by land of Helen R. Ladd, 173.78 feet; and

EASTERLY by land of said Ladd, 799.04 feet.

Title reference: See Deed recorded herewith.

Also

The land with the buildings thereon situated in Dover, County of Norfolk and Commonwealth of Massachusetts, being shown on a plan entitled "Compiled Plan of land Dover, Mass., March 25, 1996, prepared for: Roger Warwick, Prepared by: GLM Engineering Consultants, Inc." recorded with the Norfolk County Registry of Deeds as Plan No. 296 of 1996 in Plan Book 439.

Title reference: Book 18646, Page 410.