UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 14-cr-10067-RWZ-1 |
| FATHALLA MASHALI, Defendant | ) | |

## GOVERNMENT'S MOTION FOR INCREASED SURETY

### Background

Dr. Fathalla Mashali ("Dr. Mashali"), an Egyptian citizen and legal permanent resident of the United States, was arrested on February 8, 2014 at Logan Airport as he attempted to leave the country for Egypt. On February 10, 2014, the Government moved for detention under 18 U.S.C. § 3142(f)(2)(A). The court set the detention hearing for February 14, 2014. On February 19, 2014, then Chief Magistrate Judge Leo T. Sorokin found that the Government had established by a preponderance of the evidence that Dr. Mashali posed a serious risk of flight and ordered detention pending trial.

On April 17, 2014, the court held a hearing on Dr. Mashali's Motion for Reconsideration of the Order of Detention. At that time, Dr. Mashali reported medical issues, including substantial loss of weight while in custody. The Defendant's motion for immediate transfer to a medical facility was denied without prejudice. The court reconvened for argument on April 23, 2014, and on May 5, 2014, to hear oral arguments of counsel about issues pertaining to detention and Dr. Mashali's health.

On May 6, 2014, the court issued a Memorandum and Order allowing Dr. Mashali's Motion for Reconsideration.  Noting that "[s]everal facts support a risk of flight concern,"[1] the court stated that "the only possible set of release conditions would be strict conditions and a secured bond."  Although the court did not require the liquidation and deposit of the funds used to secure the bond, it did specifically intend "a restraint on the funds such that they are available to satisfy the bond, if called."

On June 5, 2014, a bond hearing was held before the court, and the court approved a proposed bond package submitted by Dr. Mashali and entered an order conditioning the Defendant's release on a secured bond of $5,000,000.00.  The same day, a bond was entered in the amount of $5,000,000.00, which was secured by approximately $3,000,000 in real property and investments.  A second, unsecured appearance bond in the amount of $250,000.00 was also entered.

The Government has subsequently learned that on March 11, 2014, the Middlesex Superior Court (Liebensperger, J.) issued a Writ of Attachment, *ex parte*, in the amount of $600,000 against the goods and estate of Dr. Mashali in the course of Civil Action No. MICV2014-01076. [D.75].  On April 3, 2014, the Superior Court issued a preliminary injunction against Dr. Mashali.  The preliminary injunction "restrained and enjoined [Dr. Mashali and New England Pain Associates] from directly or indirectly spending, utilizing, transferring, selling, mortgaging, pledging, withdrawing funds from any bank or other account of any nature, converting property and/or assets into exempt property and/or assets, converting

---

[1] The facts include: "the alleged offense involved millions of dollars, the disposition of those funds remains unclear at this stage in the case, and the Defendant, if convicted, faces both a lengthy recommended sentence under the Guidelines and, thereafter, certain deportation from the United States."

liquid assets into illiquid assets, or in any manner diminishing, destroying or disposing of any of [his] property and/or assets and/or financial records, or allowing any of the above to occur, except to pay ordinary and necessary living and business expenses in the usual and regular courts." The Middlesex Superior Court docket states that a certified copy was served in hand on April 3, 2014; though in an affidavit submitted to this court, Attorney Mark Adams, who represents Dr. Mashali in the civil action, denies ever receiving it. [D.77, ¶3].

## Argument

The Government objects to Dr. Mashali's use of investments encumbered by a preliminary injunction to secure the $5,000,000.00 bond. The conditions imposed by the preliminary injunction both (1) violate the Local Rules of the United States District Court for the District of Massachusetts regarding Sureties and (2) reduce the incentive for the defendant not to flee, which is the fundamental purpose of bail. Therefore, the Government files this motion to increase the bail package by $95,000.00 in surety.

**1.     Using encumbered property to secure a bail package is a violation of the Local Rules of the United States District Court for the District of Massachusetts.**

Rule 67.1(c)(3) of the Local Rules of the United States District Court for the District of Massachusetts specifically states that "[e]xcept as otherwise provided by law or by order of the court, a bond or similar undertaking must be secured by . . . [t]he guaranty of two (2) individual residents of this district each of whom owns *unencumbered* real or personal property within the district worth the amount of the bond, in excess of legal obligations and exemptions" (emphasis added). It appears that about $95,000 of Dr. Mashali's property (consisting of his retirement funds) pledged to secure his $5,000,000 bail is subject to a preliminary injunction; therefore, that portion of Dr. Mashali's property is encumbered and should never have been pledged as part of the bail package. Now that the court is aware of the injunction, the bail package should be

revised so as to render it compliant with Rule 67.1 *and* consistent with the original terms. This necessitates adding $95,000.00 in surety to replace the $95,000.00 in retirement funds that are subject to the injunction.

**2.     Using encumbered property to secure a bail package is inconsistent with the purpose of bail.**

Dr. Mashali was released on a $5,000,000.00 bond because the court found that he posed a serious risk of flight. "The purpose of bail is to insure the defendant's appearance and submission to the judgment of the court." *Reynolds v. United States*, 80 S. Ct. 30, 32 (1959). "It is assumed that the threat of forfeiture of one's goods will be an effective deterrent to the temptation to break the conditions of one's release." *Bandy v. United States*, 81 S. Ct. 197, 197 (1960). That some of the investments used to secure the bond are subject to a preliminary injunction reduces the deterrent effect of the bail package.

Although it could be argued that $95,000.00 is a small amount relative to the $3,000,000.00 in property and investments used to secure the bond and that the loss of deterrent effect is correspondingly small, the government disagrees. Whereas the value of Dr. Mashali's interest in his and his wife's real property, as well as the market value of those properties, is an estimate—and likely an overestimate in the Defendant's favor,[2] the $95,000.00 in Dr. Mashali's investment accounts is cash with a fixed value on which the government (and Defendant) can rely with more assurance. The $95,000.00 is a significant portion of the cash surety included in the bail package. Therefore, the bail package should be revised to include an additional $95,000.00 in surety.

---

[2] Auctions secondary to foreclosure are scheduled for the properties at 160 Dedham Street and 120 Centre Street later this month.

## Conclusion

The government respectfully requests that this court increase the bail package by $95,000.00 in surety.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

By:   /s/ Kimberly P. West
      Kimberly P. West
      Maxim Grinberg
      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Maxim Grinberg
Maxim Grinberg
Assistant United States Attorney

Date: July 3, 2014