UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FATHALLA MASHALI,<br>            Defendant. | No. 14CR 10067 RWZ |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR INCREASED SURETY

On July 3, 2014, the Government filed a motion requesting that this Court order the Defendant to increase the Surety pledged as part of his Bond Package by $95,000. The Government claims that the Defendant's pledge of three retirement accounts violates Local Rule 67.1(c)(3). The Defendant respectfully disagrees and argues: (1) that pledges made to the Court did not violate the local rules; (2) that retirement accounts are protected from breach of lease civil suits, pursuant to Massachusetts Law, and thus must be part of the Bond package; (3) that one of the three retirement accounts (Charles Schwab account for $28,000.) is already additionally secured by a pledge to the Court by Anan Elkadry, who has a primary attachment.

### Argument

(1) **The Pledge to the Court of retirement accounts previously encumbered did not violate Rule 67.1(c)(3) of the Local Rules of the United States District Court for the District of Massachusetts.**

In his MEMORANDUM AND ORDER ON MOTION FOR DETENTION , (Document 48) Chief Magistrate Judge Leo T. Sorokin ordered,

1. Defendant and his wife shall produce, under oath, as of April 30, 2014, a list of every piece of real estate, every stock, bond, retirement, savings, or investment account held in whole or in part in the name of Defendant, his wife, or any of their children; or in which Defendant, his wife, or any of their children have any beneficial interest. Accounts with a value of less than $1,000 on April 30, 2014, need not be listed.

2. Defendant shall sign a $5 million bond *secured by each* item from paragraph one held in whole or in part in his name, the name of any of his children, or in which he or his children have any beneficial interest. [emphasis added].

Rule 67.1(c)(3) of the Local Rules specifically states that, *"except as otherwise provided by law or order of the Court,* a bond or similar undertaking must be secured by …… [u]nemcumbered real or personal property within the district worth the amount of the bond…." (emphasis added). In this case, the order specifically was to include much property that was previously encumbered. Indeed, much of the 600+ page Bond Proposal filed by the defendant identified the nature of the encumbrances to the best of his ability at the time. This included the pledging of real estate that was encumbered to the point of having virtually no value to the Bond Package. The order quite clearly required the Defendant to list and pledge all accounts and property; this logically, and with guidance from the Court, included encumbered property. The government's argument, that the pledge of retirement accounts violate the Local Rules requiring unencumbered property, ignores the exception built into the rule - "except as otherwise provided by law or order of the court."

**(2) Despite the injunction, the pledged retirement accounts cannot be reached by the Superior Court to satisfy the claim of RSS, even if successful.**

The retirement accounts of the Defendant are likely not reachable by the Plaintiff RSS in their civil action for breach of contract in Middlesex Superior Court and thus must be considered an asset to be pledged to the Federal Court. M.G.L. 235 § 34A states:

> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan….. shall not be attached or taken on execution or other process to satisfy any debt or liability of such person….

If, as the law indicates, these accounts are not attachable by the civil process in question, it logically follows that these are assets which needed to be pledged to the Federal Court.

The fact that the Defendant did not know of this injunction has already been raised. (Document 77). His attorney in this matter, Mark Adams, did not receive the order and thus did not inform the Defendant. Even had the Defendant known of the injunction, since these properties would likely never be reachable by the Middlesex Court, he would have had to identify and pledge them as part of the bond package. Had the Defendant failed to pledge such property, surely the Government would argue that he failed to comply with the terms of Judge Sorokin's order.

### (3) The Charles Schwab account for $28,000 has been pledged to the Court by Anan Elkadry who currently has an attachment on this property.

The Charles Schwab retirement account was previously attached by Julie Gemma, et. al. for a claim against the Defendant. This claim was purchased by The Elkadry Family Trust and was previously pledged to this Court by Anan Elkadry, Trustee of the Elkadry Family Trust. (See Document 75). Having a primary claim on this account, previous to any claim that could be made by RSS, this retirement account has been securely pledged to the Court.

### Conclusion

The value of the Bond Package has not been negatively affected by the injunction ordered by the Middlesex Superior Court. While the Defendant would have made the Court aware of

this injunction had he known about it, the pledge of the retirement accounts was still necessary to comply with Judge Sorokin's Order. The Bond Package retains its pledged value and thus includes approximately a $3million pledge of current assets on a $5million bond.

Dated: July 14, 2014

/s/ *Joseph G Keller Jr.*
Joseph G. Keller, Jr. BBO#686689
J. A. Denner & Associates, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.: (617) 227-2800
Fax: (617) 973-1562
jdenner@dennerlaw.com

Certificate of Service

I, Joseph Keller, hereby certify that on this the 14th day of July, I caused a true copy of the foregoing *Response* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

/s/ *Joseph G. Keller Jr.*
Joseph G Keller Jr.